## 2115

In the Matter of M., a minor under the age of eighteen (18) years.

(439 S.E. (2d) 857)

Court of Appeals

*Stephen John Henry*, of *Taylor & Henry*, Greenville, *for appellant.*

*Pamela E. Deal*, of *Deal & Deal*, Clemson, *for respondents.*

Heard Nov. 1, 1993. Filed Dec. 30, 1993.

Refiled Jan. 5, 1994. Reh. Den. Feb. 9, 1994.

*Per Curiam:*

The father of M., a minor, appeals from a family court order terminating his parental rights. We affirm.

The father and mother were married in 1979 and separated in September, 1985. The couple had one child, M., who was three years old at the time the couple separated. The father had custody of the child from November, 1985, until April, 1986, at which time the mother took custody by agreement of the parties. The father exercised visitation rights with the child every other weekend.

During the summer of 1986, the mother noticed changes in M.'s behavior, including temper tantrums and bed-wetting episodes. She sought professional counselling. After examin-

ing him, the counselor suspected child abuse, which was reported to the Oconee County Department of Social Services. In October, 1986, approximately five days following a weekend visitation with his father, M. was discovered to have a gonorrhea infection in his throat.

Subsequently, the Oconee Department of Social Services brought a child protection action against the mother and father. The father initiated a change of custody action against the mother. The two cases were consolidated and heard in Pickens County in September, 1987. After three days of testimony, including an *in camera* interview with the child, the family court determined, by a preponderance of the evidence, that the father had sexually abused M. The court also found the uncontroverted evidence established the father had been sexually abused as a child and that he had engaged in an incestuous relationship with his sister. Additionally, the court found the child could not be adequately protected from further abuse without suspending visitation with his father. Based on these findings, the court ordered the father to participate in psychotherapy until his therapist determined he no longer needed treatment. It suspended the father's visitation rights until such time as the therapist agreed that the father and child were ready for supervised visitation.

After four years of failing to comply with the requirements of the 1987 order, the father filed this action in 1991, seeking visitation with his son. The mother filed a counterclaim seeking termination of the father's parental rights.

Pursuant to S.C. Code Ann. § 20-7-1572(3) (1976), the family court may order the termination of parental rights if:

> The child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child. . . . [B]ut it must be shown that the parent was not prevented from visiting . . . by court order.

The family court heard evidence that clearly and convincingly proved that M. had lived outside his father's home for a period of six months and that the father had not visited him during that time. The only question is whether this failure to visit was wilful or was, as the father contends, prevented by court order.

The evidence in this case clearly supports a determination that the father wilfully failed to visit M. The father's efforts to comply with the 1987 family court order consisted of his visiting a total of three counselors. He spent five minutes with one counselor, talked with a second counselor but received no counselling, and was tested by a third counselor. None of them treated him. The father's own testimony indicates he did not think he needed counselling and would not seek it even if it meant he could not resume visitation with his son.

The court order did not prevent the father from visiting the child. Rather, it outlined a mechanism through which visitation could resume. The father's defiant refusal to meet the reasonable conditions placed on his right to visitation was tantamount to an election not to visit M. unless he could do it on his own terms.

The father claims he could not abide by the family court's order because he would have had to admit that he sexually abused M. The family court did not find his testimony credible. There was no other evidence to prove this assertion. The 1987 order gave the father the autonomy to select his own psychotherapist and to determine the frequency and location of this therapy. Nothing in the order required him to admit his guilt as a condition for resuming visitation.

Because section 20-7-1572(3) provides a sufficient basis for terminating the father's parental rights, we find it unnecessary to address whether any of the other grounds for termination are also satisfied.

Affirmed.