727 S.E.2d 748

**Wayne ARGABRIGHT, Respondent,**

**v.**

**Lisa ARGABRIGHT, Appellant.**

**No. 27136.**

Supreme Court of South Carolina.

Heard Feb. 8, 2012.

Decided June 20, 2012.

Richard T. Jones, Jones Seth Shuler & Jones, of Sumter, for Appellant.

John S. Nichols and Blake A. Hewitt, both of Bluestein, Nichols, Thompson & Delgado, of Columbia, and T.H. Davis, III, of Atkinson & Davis, of Sumter, for Respondent.

James Alexander Stoddard, of Sumter, Guardian Ad Litem.

Justice KITTREDGE.

Appellant Lisa Argabright and Respondent Wayne Argabright were formerly married, are now divorced and share joint custody of their minor daughter. Appellant appeals the family court's issuance of a restraining order enjoining her from permitting any contact between her boyfriend, a convicted sex offender, and the parties' minor daughter. The family court further required Appellant to pay Respondent's attorney's fees and the guardian *ad litem* fees. We affirm.

## I.

Appellant and Respondent were married in 1986 and their daughter (Child) was born in 1996. The parties divorced in 2000 and share joint custody of Child, with Appellant having primary physical custody.

In 2003, when Child was seven years old, Appellant began dating John Doe,[1] a convicted sex offender. Four years earlier, Doe pled guilty to lewd act upon a minor. Doe performed oral sex on his two daughters, ages six and eight at the time. Part of Doe's sentence required him to register as a sex offender.

Although Appellant learned of Doe's conviction several months after they began the relationship, Appellant did not inform Respondent. Appellant admitted Doe's past concerned her about the safety of Child. Nonetheless, Child frequently spent the night at Doe's house with Appellant and occasionally slept in the bedroom with them.

In 2009, Appellant informed Child about Doe's past. Appellant requested that Child not share the information with Respondent, but promised to do so herself. However, Appellant did not tell Respondent, who ultimately learned of Doe's status as a child molester via the sex offender registry. Believing Appellant was not aware of Doe's pedophilia, Respondent immediately notified Appellant. Appellant admitted she was already aware of Doe's history of sexually abusing young girls.

Upon Appellant's refusal to prohibit further contact between Doe and Child, Respondent filed the underlying action in family court seeking to restrain Appellant from exposing Child to Doe. In its final order, the family court enjoined Appellant from permitting contact between Child and Doe until Child reaches eighteen years of age.[2] Appellant was further ordered to pay Respondent's attorney's fees and the guardian *ad litem* fees.

---

1. We refer to Appellant's boyfriend using the pseudonym John Doe because both this case and Doe's criminal conviction deal with the sexual abuse of children, which is a sensitive and personal subject matter. *See Doe v. Howe*, 362 S.C. 212, 607 S.E.2d 354 (Ct.App.2005).

2. Child is now sixteen years old.

## II.

 This Court's standard of review in an appeal from the family court is *de novo. Lewis v. Lewis,* 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). As such, "the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. However, this broad scope of review does not require this Court to disregard the findings of the family court." *Id.* at 384, 709 S.E.2d at 651 (quoting *Eason v. Eason,* 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)).

## III.

 We have reviewed the record and concur in the judgment of the family court. Under the facts presented, it was appropriate to enjoin Appellant from permitting any contact between her boyfriend and Child until Child reaches eighteen years of age. Doe, as Appellant's boyfriend, has no rights with respect to Child. We reject Appellant's reliance on case law which, under the facts, allowed contact between *parents* who were convicted sex offenders and their children. *See Payne v. Payne,* 382 S.C. 62, 674 S.E.2d 515 (Ct.App.2009); *In re M.,* 312 S.C. 248, 439 S.E.2d 857 (Ct.App.1994). Permitting parents who are convicted sex offenders to have custody and visitation rights, under proper circumstances, is so far removed from the nonexistent right of a child sex offender to have legally sanctioned contact with an unrelated child that no discussion is warranted.[3]

 The family court correctly focused on the best interest of the child, not the romantic interests of Appellant. Courts must ensure that "in all matters concerning a child, the best interest of the child is the paramount consideration." *Harris v. Harris,* 307 S.C. 351, 353, 415 S.E.2d 391, 393 (1992) (noting that "South Carolina, as *parens patriae,* protects and safeguards the welfare of its children"); *see also Michael P. v. Greenville County Dep't of Social Servs.,* 385 S.C. 407, 417, 684 S.E.2d 211, 216 (Ct.App.2009) ("[T]he best interest of a child is the polar star by which decisions must be made which

---

3. Appellant's brief indicates she and Doe have since married. We are, of course, bound by the record established at trial. *See* Rule 210(c), SCACR ("The Record shall not ... include matter which was not presented to the lower court or tribunal.").

affect children.") (quoting *In re Michael Ray T.*, 206 W.Va. 434, 442, 525 S.E.2d 315, 323 (1999)).

We reject Appellant's argument that the family court failed to consider the expert's testimony that Doe had successfully completed treatment and posed a low risk of re-offending. The family court considered such evidence, but rejected it, as we do, as a basis for allowing contact between Doe and Child. The family court also considered the same expert's cautionary admonition that if Doe were permitted contact with Child, such contact should be supervised. The guardian *ad litem* concurred. Based on the record before us, Appellant is the only person available to supervise contact between Child and Doe. Given Appellant's pattern of deception and pursuit of her own interests over those of Child, an order entrusting Appellant to ensure no future unsupervised contact between Child and Doe would be suspect.

## IV.

We affirm the remaining issues, including the award of attorney's fees and guardian *ad litem* fees, pursuant to Rule 220(b)(1), SCACR.

**AFFIRMED.**

TOAL, C.J., BEATTY and HEARN, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent. As noted by the majority, our review of family court rulings is de novo. In my view, the evidence in the record fails to support the imposition of such a restrictive order on Appellant. All of the evidence in the record is that Appellant's child and Doe enjoy a close relationship and that he poses no danger to her. As the family court recognized and all parties agreed, Appellant allowed her daughter to be alone with Doe on only one occasion in seven years and only for a very brief period of time. The family court concluded that this behavior supported an inference that while Appellant recognized great danger to her child she nonetheless exhibited a lack of concern for the child's safety. The majority further infers that Appellant cannot be trusted to supervise her child's interaction with Doe given this history.

To the contrary, in my view, this history provides a strong basis for concluding that Appellant can be trusted to safeguard her child and has a consistent track record of having done so. Moreover, I disagree with the majority that Appellant has demonstrated a "pattern of deception and pursuit of her own interests over those of" her daughter. The record indicates that Doe has fully accepted responsibility for his actions and unstintingly pursued rehabilitation. All of the expert testimony in the record is that he has been highly successful in doing so. I would not deem Appellant guilty of deception when she sought to avoid disclosing information that was available in the public record and which she had no affirmative obligation to disclose.

To hold now, when the child is a young adult, that Appellant must prevent *any* contact, including supervised contact, between Doe and her daughter, appears to me unwarranted. I would thus modify the family court's order insofar as it prohibits even supervised contact between Doe and the child. I therefore respectfully dissent.