**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Devin B., Appellant,

and Brian G. and Sue G., Respondents.

In the interest of a child under the age of 18.

Appellate Case No. 2012-208406

———————————

Appeal From Richland County
Harry L. Phillips, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-674
Submitted December 3, 2012 – Filed December 13, 2012

———————————

**AFFIRMED**

———————————

Sarah Beth Nielsen, Michael J. Anzelmo, and Thad H.
Westbrook, of Nelson Mullins Riley & Scarborough,
LLP, of Columbia, for Appellant.

Cherolyn Roselle Allen, of South Carolina Department of
Social Services, of Columbia, for Respondent South
Carolina Department of Social Services.

Elizabeth L. Boozer, of Columbia, and Jason Scott Luck, of The Seibels Law Firm, P.A., of Charleston, for Respondents Brian G. and Sue G.

Angela Kohel, of Richland County CASA, of Columbia, for Guardian ad Litem.

**PER CURIAM:**  Devin B. (Father) appeals the family court's order terminating his parental rights (TPR) to his minor child (Child).  The family court found clear and convincing evidence supported TPR because Child lived outside Father's home for at least six months and Father willfully failed to visit Child and Child had been in foster care for fifteen of the most recent twenty-two months.  Additionally, the family court found TPR was in Child's best interest.  On appeal, Father contends the family court erred in terminating his parental rights, arguing: (1) clear and convincing evidence did not support the family court's finding that Father willfully failed to visit Child; (2) section 63-7-2570(8) of the South Carolina Code (2010) cannot be used to TPR when the State is holding the parent without a conviction; and (3) section 63-7-2570(8) violates the Due Process Clause because it permits TPR without a finding of parental unfitness.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652.  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.*  "In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence."  *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This broad scope of review does not, however, require the appellate court to disregard the findings of the family court."  *Id.*  "This degree of deference is especially true in cases involving the welfare and best interests of a minor child."  *Id.* at 62, 624 S.E.2d at 652.

1. We hold the family court did not err in granting TPR for Father's willful failure to visit Child.  The family court may order TPR upon finding one or more of eleven statutory grounds is satisfied and also finding TPR is in the best interest of

the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). One such ground is when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to visit the child." S.C. Code Ann. § 63-7-2570(3) (Supp. 2011). "[I]t must be shown that the parent was not prevented from visiting by the party having custody or by court order." *Id.* "Willful conduct is conduct that 'evinces a settled purpose to forego parental duties . . . because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.'" *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006) (quoting *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 53, 413 S.E.2d 835, 838 (1992)). Whether a parent willfully fails to visit his child is a determination of intent and must be determined according to the facts and circumstances of each particular case. *Charleston Cnty. Dept. of Soc. Servs.*, 368 S.C. at 97, 627 S.E.2d at 771.

Here, none of the parties dispute Child has been out of the home since March 5, 2009, much longer than the statutorily required six months in section 63-7-2570(3). During trial, Father and the Department of Social Services (DSS) caseworker Vanessa Layton testified Father had not seen Child since November 2010, eleven months prior to DSS filing for TPR. Layton further testified she specifically told Father he could request a visit with Child in writing. Moreover, although Father argues his treatment plan was ambiguous as to how he could request a visit with Child, Layton testified Father wrote to her to request the November 2010 visitation. Thus, Father's conduct indicates not only that he knew he could request a visit with Child by writing DSS, but that such a request would be honored by DSS. Layton, however, testified Father never, either by writing or phone, contacted DSS again about further visits. Father's failure to utilize this mechanism which he knew would enable him to visit with Child is tantamount to willfully failing to visit Child. *Cf. In re M.*, 312 S.C. 248, 250, 439 S.E.2d 857, 859 (Ct. App. 1994) (finding father's defiant failure to meet the conditions placed on his right to visit amounted to willfully failing to visit his child). Additionally, despite Father's contention that he had difficulty obtaining paper in jail to write to request a visit, DSS provided the family court with a poem Father wrote on paper while he was in jail, indicating Father had at least limited access to paper, but simply neglected to request visitation. Finally, Father had multiple court hearings where DSS was present, but failed on every occasion to request visitation with Child. Accordingly, the trial court did not err in granting TPR for Father's willful failure to visit Child.[1]

---

[1] While we are mindful TPR also requires a finding that TPR is in the best interest of the child, Father has failed to make any such argument on appeal. As a result,

2.  We hold the family court did not err in granting TPR pursuant to section 63-7-2570(8).  The family court may order TPR when it is in the best interest of the child and "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months."  S.C. Code Ann. § 63-7-2570(8) (2010).  However, "[w]here there is 'substantial evidence that much of the delay . . . is attributable to the acts of others,' a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care."  *Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) (quoting *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003)).  Here, the relevant twenty-two month time period is from December 2009 until October 2011.  As Child went into foster care in March 2009 and was still in foster care at the time of trial, Child easily satisfied section 63-7-2570(8)'s fifteen month requirement and had actually been in foster care for the thirty-one months immediately preceding the TPR hearing.  Additionally, we find Father's incarceration while awaiting trial prior to his TPR hearing does not create a situation in which granting TPR pursuant to section 63-7-2570(8) is inappropriate, particularly where during the period of incarceration Father had been issued a bond, only once attempted to visit with Child, only once attempted to contact DSS, and failed to make any effort to support Child.  Accordingly, the family court did not err in granting TPR pursuant to section 63-7-2570(8).

3. We hold Father's due process issue is not preserved for our review because it was never raised to or ruled upon by the family court.  *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (finding due process issue in a TPR case not preserved for review when the issue was not raised to or ruled upon by the family court).

**AFFIRMED.**[2]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

the family court's finding that TPR was in Child's best interest is the law of the case.  *See S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 628 n.3, 627 S.E.2d 718, 721 n.3 (2006) (noting an unappealed ruling is the law of the case).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.