**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lynn Marie Kanitz, Respondent,

v.

Neil Treavor Mangrum, Appellant.

Appellate Case No. 2011-194287

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

Unpublished Opinion No. 2013-UP-032
Submitted December 3, 2012 – Filed January 16, 2013

**AFFIRMED**

Neil Treavor Mangrum, of Greer, pro se.

Lynn Marie Kanitz, of Greer, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Mangrum in contempt for violating a visitation provision in his divorce order: *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012) (noting the standard of review in appeals from the family court is de novo); *Hawkins v. Mullins*, 359 S.C. 497, 501,

597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order.").

2. As to whether the family court erred in finding Mangrum in contempt for violating a restraining order against confrontation and harassment of the other party in the presence of their minor child: *Argabright*, 398 S.C. at 179, 727 S.E.2d at 750 (noting the standard of review in appeals from the family court is de novo); *Hawkins*, 359 S.C. at 501, 597 S.E.2d at 899 ("A party may be found in contempt of court for the willful violation of a lawful court order.").

3. As to whether the family court erred in awarding Kanitz attorney's fees: *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) (stating an appellate court reviews the family court's grant of attorney's fees de novo); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.