**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeremy J. Brown, Respondent,

v.

Bonnie Sue Odom, Appellant.

Appellate Case No. 2011-203466

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2013-UP-226
Heard May 15, 2013 – Filed May 29, 2013

**AFFIRMED**

William Patrick Yon, of Chapman Byrholdt & Yon, LLP, of Anderson, for Appellant.

Jeremy J. Brown, of Anderson, pro se.

**PER CURIAM:** Bonnie Sue Odom appeals a contempt order, arguing the family court erred in (1) finding she willfully violated a restraining order, and (2) imposing a criminal sanction for civil contempt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in finding Odom in contempt for violating a restraining order:  *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012) (noting the standard of review in an appeal from the family court is de novo); *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order.").

2.  As to Odom's argument the family court erred in imposing a criminal sanction for civil contempt:  *Ex parte Cannon*, 385 S.C. 643, 669, 685 S.E.2d 814, 828 (Ct. App. 2009) ("An issue must be raised to and ruled upon by the [family] court to be preserved for appellate review."); *State v. Passmore*, 363 S.C. 568, 586, 611 S.E.2d 273, 283 (Ct. App. 2005) (finding issue of criminal contempt sentence unpreserved for appellate review where appellant failed to raise an objection at trial).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**