**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Danielle L. H. A., Billy Ray A., and "John Doe,"
Defendants,

Of whom Danielle L. H. A. is the Respondent,

and John Doe and Jane Doe are the Appellants,

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2012-211726

---

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

---

Unpublished Opinion No. 2013-UP-341
Submitted July 23, 2013 – Filed August 13, 2013

---

**AFFIRMED**

---

Jonathan P. Whitehead, of The Law Offices of Jonathan
P. Whitehead, LLC, of Mauldin; and J. Falkner Wilkes,

of The Law Offices of J. Falkner Wilkes, of Greenville, for Appellants.

Paul Matthew Carruthers, Jr., of the Carruthers Law Firm, of Greenville, for Respondent Danielle L. H. A.

Patti Beverly Brady, of the South Carolina Department of Social Services, of Pickens, for Respondent South Carolina Department of Social Services.

Steven Luther Alexander, of the Alexander Law Firm, of Pickens, for Guardian ad Litem.

---

**PER CURIAM:**  John and Jane Doe (the Does), the foster parents of a minor child (Child), appeal the family court's order denying termination of Mother's parental rights to Child.  The family court found the South Carolina Department of Social Services (DSS) did not establish by clear and convincing evidence any statutory grounds for termination of parental rights (TPR) and found TPR was not in Child's best interest.  On appeal, the Does argue the family court erred in finding TPR was not in Child's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012).  An appealed order comes to the appellate court with a presumption of correctness, and the appellant bears the burden to demonstrate the family court committed reversible error.  *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987).

The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon review, the appellate court may make its own finding from the record as to whether clear and convincing evidence supports [TPR]." *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of review, this court is not required to ignore the fact the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011).  The family court may order TPR upon finding one or more of eleven statutory grounds is met and finding TPR is in the

child's best interests. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2012). "In a TPR case, the best interest of the child is the paramount consideration." *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

At the TPR hearing, DSS alleged three grounds for TPR: (1) Child had lived outside Mother's home for six months and Mother willfully failed to support Child pursuant to section 63-7-2570(4) of the South Carolina Code (2010); (2) Mother failed to remedy the conditions that caused the removal of Child as required by section 63-7-2570(2); and (3) Child was in foster care for fifteen of the most recent twenty-two months as provided in section 63-7-2570(8). The family court found DSS failed to prove any of these statutory grounds by clear and convincing evidence.

Having conducted a de novo review of the record, we affirm the family court's finding that DSS failed to prove by clear and convincing evidence any statutory grounds for TPR. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 335, 741 S.E.2d 739, 745 (2013) ("[W]hen DSS seeks TPR pursuant to section 63-7-2570, the allegations supporting that termination must be proved by clear and convincing evidence.").

The record does not contain clear and convincing evidence Mother willfully failed to support Child. Two DSS caseworkers testified Mother supported Child with money and in-kind support throughout Child's stay in foster care. Mother did not go six consecutive months without paying support in some manner and by some means. Additionally, the evidence shows Mother's extensive counseling and drug treatment prevented her from overcoming her financial burdens. Therefore, the family court correctly found Mother did not willfully fail to provide support.

The record also does not contain clear and convincing evidence Mother failed to remedy the conditions that caused the removal of Child. A review of the record confirms Mother successfully completed her treatment plan. *See S.C. Dep't of Soc. Servs. v. Mother*, 396 S.C. 390, 402, 720 S.E.2d 920, 926 (Ct. App. 2011) (noting the importance of the mother's successful completion of an intensive drug treatment plan). Mother completed her required drug counseling and parenting classes. Additionally, Mother consistently tested drug-free for the two years prior to the TPR hearing. Importantly, Mother regularly attends Narcotics Anonymous meetings and remains in contact with her Narcotics Anonymous sponsor. Mother

also has an acceptable home with her husband, who has a stable job and earns sufficient money to support the family. Therefore, the family court correctly found Mother remedied the conditions that caused Child's removal.

Although Child was in foster care for fifteen of the most recent twenty-two months, the majority of this time was attributable to procedural delays not caused by Mother. Cumulatively, the procedural delays in the case totaled more than two years. *See Sarah W.*, 402 S.C. at 336, 741 S.E.2d at 745-46 (recognizing when substantial evidence shows much of the delay is attributable to the acts of others, a parent's rights should not be terminated based solely on the fact the child has spent greater than fifteen months in foster care). Therefore, Mother's parental rights should not be terminated on this ground.

Because we find DSS failed to prove any of the statutory grounds for TPR, we need not address whether TPR is in Child's best interest. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing this court need not review remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.