**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Mary Margaret Ruff, f/k/a Mary Margaret Nunez,
Petitioner,

v.

Samuel Nunez, Jr., Respondent.

Appellate Case No. 2013-001801

———————————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————————

Appeal From Greenville County
The Honorable Billy A. Tunstall, Jr., Family Court Judge

———————————

Memorandum Opinion No. 2014-MO-003
Submitted January 8, 2014 – Filed January 29, 2014

———————————

**REVERSED IN PART**

———————————

Dianne S. Riley, of Greenville, for Petitioner.

Bruce Wyche Bannister, of Bannister & Wyatt, LLC, of
Greenville, for Respondent.

———————————

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Ruff v. Nunez*, Op. No. 2013-UP-290 (S.C. Ct. App. filed June 26, 2013).

We deny the petition for a writ of certiorari as to all questions other than the parties' responsibility for payment of transportation costs for visitation and Guardian *ad litem's* fees.  As to the issues of transportation costs for visitation and Guardian *ad litem's* fees, we grant the petition for a writ of certiorari, dispense with further briefing, and reverse the Court of Appeals' decision that petitioner is responsible for all such costs.

At the final hearing, respondent proposed a visitation plan in which the parties would split transportation costs for visitation equally.  However, the family court rejected this proposal and ordered that respondent only pay transportation costs for respondent's two-week summer visitation with the child, and that petitioner pay all other transportation costs, which required petitioner to pay a disproportionate amount in transportation costs.  Based on our *de novo* review of the evidence, we find the family court abused its discretion in requiring petitioner to pay costs in the amount set forth in its order, and we order that the parties split all visitation transportation costs equally.  *See Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012) (holding an appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence); *Cudd v. Arline*, 277 S.C. 236, 239, 285 S.E.2d 881, 883 (1981) (holding an order concerning visitation costs will be reversed where there is a clear abuse of discretion).

We further find the family court abused its discretion in ordering that petitioner is required to pay all of the Guardian *ad litem's* fees, and we order that the parties equally split the Guardian *ad litem's* fees.  *See Shirley v. Shirley*, 342 S.C. 324, 341, 536 S.E.2d 427, 436 (Ct. App. 2000) (holding an award of Guardian *ad litem* fees lies within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion).

**REVERSED IN PART.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**