**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Megan Burch and Donald Burch, Respondents,

v.

Christopher Morrical, Appellant.

Appellate Case No. 2020-000760

Appeal From Charleston County
Thomas Henry White, IV, Family Court Judge

Unpublished Opinion No. 2021-UP-127
Submitted April 19, 2021 – Filed April 22, 2021

**AFFIRMED**

Christopher David Lizzi, of Lizzi Law Firm, PC, of
North Charleston, for Appellant.

Grover Cleveland Seaton, IV, of Grover "Beau" Seaton
Law Firm, LLC, of Moncks Corner; and Megan
Catherine Hunt Dell and Mikaila Paige Matt, both of Dell
Family Law, P.C., of Charleston, all for Respondents.

Monica Rojas Waldron, of The Waldron Law Firm, LLC,
of Summerville, as the Guardian ad Litem.

**PER CURIAM:**  Christopher Morrical (Father) appeals the family court's order terminating his parental rights to Child.  On appeal, Father argues the family court erred in finding (1) Father was not prevented from visiting Child by court order, (2) clear and convincing evidence supported termination of parental rights (TPR), and (3) TPR was in the best interest of Child.  Father also argues the family court erred in (1) finding it had statutory authority to conduct a TPR hearing when Megan Burch (Mother) and Donald Burch (Stepfather) failed to request a TPR hearing within 120 days as required by statute and failed to plead the correct statutory basis for TPR, (2) not considering Father's drug addiction and struggle with substance abuse in determining his failure to visit was willful, and (3) finding the parties testified they were satisfied with the services of the guardian ad litem (the GAL).  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest.  S.C. Code Ann. § 63-7-2570 (Supp. 2020).  The grounds must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, we find clear and convincing evidence supports the family court's determination that Father willfully failed to visit Child.[1]  *See* § 63-7-2570(3)

---

[1] Father's argument that the family court lacked the authority to hold a TPR hearing based on Respondents' failure to request a hearing within 120 days and properly plead the correct statutory basis is not preserved for appellate review because Father failed to raise this issue to the family court.  *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").  Although this court can overlook procedural rules when the interest of a minor child is concerned, we decline to do so here because strictly construing this statute does not further Child's best interest.  *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006)

(providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child").  Here, Father admitted he had not visited Child since July 2017.  Therefore, Father had failed to visit Child for more than three years at the time of the TPR hearing.  Further, clear and convincing evidence shows Father's failure to visit was willful.  Mother and Stepfather both testified they did not prevent Father from having a relationship with Child.  Father, Mother, and Stepfather all testified Father did not reach out to Mother or Stepfather asking to see Child or set up visitation after July 2017.  Although Father contends an October 13, 2017 temporary order[2] prevented him from visiting Child, the order did not prohibit visitation; it merely required visitation to be supervised, which was reasonable based on Father's drug addiction.  Father refused to attend supervised visitation with any of the people Mother suggested to supervise; instead, he wanted visitation to be supervised by his girlfriend, around whom Father had used drugs in Child's presence and with whom he had been involved in criminal domestic violence disputes.  Thus, we find the order did not prohibit visitation; rather, Father's actions in refusing supervisors resulted in him not having visitation.

We further find the May 3, 2019 order did not prevent Father from visiting Child after May 2019 because it provided him with a mechanism through which he could visit Child.  *See In re M.*, 312 S.C. 248, 250, 439 S.E.2d 857, 858-89 (Ct. App. 1993) (holding a court order requiring psychotherapy did not prevent the father from visiting the child, but rather, outlined a mechanism through which visitation could resume); *id*. (holding a father's defiant refusal to meet the reasonable conditions placed on his visitation was tantamount to an election not to visit child unless he could do so on his own terms).  The May 3, 2019 order required Father to take a 10-panel hair follicle and urine drug test within 48 hours, after which the GAL would set up therapeutic visitation; however, Father failed to take such a drug test at any point between the May 3, 2019 order's issuance and the March 2 to 3, 2020 TPR hearing.  Father agreed he did "nothing" in order to see Child after July 2017.  Therefore, we find Father's failure to do anything to see Child, including failing to take the 10-panel hair follicle and urine drug test at any point

---

(acknowledging appellate courts can overlook procedural rules when the rights of minors are concerned but declining to exercise its discretion to do so).

[2] The October 13, 2017 order was part of a prior action, which was dismissed pursuant to the 365-day rule on or shortly after August 30, 2018.  However, the family court ordered the same relief in a temporary order issued in this action on January 23, 2019.

during the ten months between the May 3, 2019 order and the March 2 to 3, 2020 TPR hearing, constituted willful failure to visit.

Second, viewed from Child's perspective, we find TPR is in his best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Mother testified Father's visitation with Child was sporadic prior to July 2017, and Father had not seen Child since July 2017. Mother and Stepfather testified Child did not ask about Father, and the GAL stated Child looked to Stepfather as his dad. Father had shown little interest in rekindling his relationship with Child because he failed to contact Child, failed to ask for visitation after July 2017, and failed to respond to or participate in the GAL's investigation. Due to the stability Child currently experiences with Mother and Stepfather and Father's failure to make efforts to visit over the last four years, we question whether it would be in Child's best interest to reintroduce him to Father. Although Father averred that the evidence presented of his failure to contact Child, his failure to consistently pay child support, and his struggle with drug addiction did not provide an accurate picture of the parent he wanted to be, Father did not take sufficient efforts to re-establish a relationship with Child based on his failure to act in accordance with his promises and court orders. Therefore, we find TPR is in Child's best interest.

Finally, we acknowledge the record does not support the family court's finding that both parties testified they were satisfied with the GAL's services. To the extent Father complains about the GAL's investigation, we note Father never filed a motion to relieve the GAL or otherwise raised this issue to the family court. We note the GAL indicated Father did not contact her after the April 16, 2019 temporary hearing, participate in her investigation, take a drug test, respond to her numerous attempts to contact him, or ask her to speak with Child's teachers, Father's girlfriend, or Mother and Stepfather's neighbors. Based on our review of the record, we find the GAL conducted an independent investigation based on the information available to her. *See* S.C. Code Ann. § 63-11-510(3) (2010) ("The responsibilities and duties of a guardian ad litem are to . . . conduct an independent assessment of the facts, the needs of the child, and the available resources within the family and community to meet those needs . . . ."). Finally—and critically—the GAL's recommendation was not dispositive to the issue of Child's best interest but was simply one of many factors for the family court and this court to consider.

Based on our review of the record as a whole, we find TPR was in Child's best interest.

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.