**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Parrish Nicole Ford Lanier, Appellant,

v.

Dustin Ray Watts, Respondent.

Appellate Case No. 2024-002080

Appeal From Florence County
FitzLee H. McEachin, Family Court Judge

Unpublished Opinion No. 2025-UP-327
Submitted September 23, 2025 – Filed September 26, 2025

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City; and Brooke Chapman Evans, of Evans & Turnblad, LLC, of Florence, both for Respondent.

Almand James Barron, of Shea and Barron, of Columbia, as the Guardian ad Litem.

**PER CURIAM:** Parrish Nicole Ford Lanier (Mother) appeals the family court's order terminating her parental rights to her minor child (Child). On appeal, Mother

argues the family court erred when it (1) allowed Father to file an amended answer and counterclaim, (2) failed to dismiss Father's termination of parental rights (TPR) claim, and (3) terminated her parental rights on two statutory grounds. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

1. We hold the family court did not abuse its discretion by allowing Father to amend his pleadings. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of discretion); *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017) ("Rule 15(a) [of the South Carolina Rules of Civil Procedure] provides that when a party asks to amend his pleading, 'leave shall be freely given when justice so requires and does not prejudice any other party.'" (quoting Rule 15(a), SCRCP)); *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005) ("[Rule 15(a)] strongly favors amendments and the court is encouraged to freely grant leave to amend."). Father filed the motion to amend his answer and counterclaim—which included the addition of the claims for TPR—in September 2023, the family court granted the motion in December 2023, and the TPR hearing occurred in November 2024. Thus, Mother had nearly a year to prepare to refute Father's claims and properly defend herself at the TPR hearing. We also find Mother was not prejudiced by Father's second amended answer and counterclaim because it was filed on May 20, 2024—six months prior to the TPR hearing—and did not allege any additional causes of action but merely corrected minor deficiencies. *See Lee v. Bunch*, 373 S.C. 654, 661, 647 S.E.2d 197, 201 (2007) ("The prejudice that would warrant denial of a motion to amend the pleadings is a lack of notice that a new issue is to be tried and a lack of opportunity to refute it.").

2. We hold the family court did not err in denying Mother's motion to dismiss for failing to strictly adhere to the TPR statute regarding the contents of Father's answer and counterclaims and for failing to hold the TPR hearing within 120 days. *See Klein*, 427 S.C. at 79, 828 S.E.2d at 776 ("On appeal from the family court, the

appellate court reviews factual and legal issues de novo.").  First, Father's second amendment of his answer cured the purported defects Mother alleged, and Mother's argument that the TPR statute requires strict compliance is without merit. *See* S.C. Code Ann. § 63-7-2620 (2010) ("[The TPR statutes] must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship.  The interests of the child shall prevail if the child's interest and the parental rights conflict.").  Second, although the February 6, 2024 status conference order did not properly continue the case because the court did not schedule the hearing for a certain date and time pursuant to the 120-day timeframe, Mother failed to show she was prejudiced by the extension of time.  *See* S.C. Code Ann. § 63-7-2530(C) (Supp. 2024) ("The hearing on the petition to terminate parental rights must be held within [120] days of the date the [TPR] petition is filed."); *id.* ("A party may request a continuance that would result in the hearing being held more than [120] days after the petition was filed . . . ."); *id.* ("[T]he court may grant a continuance in its discretion.  If a continuance is granted, the court must issue a written order scheduling the case for trial on a date and time certain.").  In fact, the extension of time worked in Mother's favor, as she had more time to prepare her defenses for the TPR hearing and to seek out additional individual and reunification therapy to demonstrate her progress to the court. Moreover, neither at the time of the continuance nor at the time of the TPR hearing had Mother fulfilled the requirements to have visitation with Child.  *See Davis v. Davis*, 372 S.C. 64, 87, 641 S.E.2d 446, 458 (Ct. App. 2006) ("An error not shown to be prejudicial does not constitute grounds for reversal." (quoting *Brown v. Pearson*, 326 S.C. 409, 417, 483 S.E.2d 477, 481 (Ct. App. 1997))).

3.  We hold the family court did not err in finding Mother willfully failed to visit Child.  *See* § 63-7-2570(3) (Supp. 2024) (providing a statutory ground for TPR is met when a child has lived outside the parent's home for a six-month period during which "the parent has willfully failed to visit the child").  Mother testified she had not visited Child in person for nearly six years and last saw Child through a virtual counseling session two years prior to the TPR hearing.  Moreover, her failure to visit Child was willful.  *See S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 52, 413 S.E.2d 835, 838 (1992) ("Whether a parent's failure to visit or support a child is 'willful' within the meaning of the statute is a question of intent to be determined in each case from all the facts and circumstances."); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 256, 519 S.E.2d 351, 355 (Ct. App. 1999) ("A parent's conduct which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.").  Although

Mother's in-person visitation was suspended by court order, the order provided an avenue to resume visitation if she attended individual and reunification therapy and cooperated with the recommendations of her counselors. Her failure to adhere to those conditions to resume seeing Child demonstrates her failure to visit was willful. *See In re M.*, 312 S.C. 248, 249-50, 439 S.E.2d 857, 858-89 (Ct. App. 1993) (holding a court order requiring psychotherapy did not prevent the father from visiting the child, but rather, outlined a mechanism through which visitation could resume); *id.* at 250, 439 S.E.2d at 859 (holding a father's refusal to meet the reasonable conditions placed on his visitation was tantamount to willful failure to visit child); *See Broom v. Jennifer J.*, 403 S.C. 96, 114, 742 S.E.2d 382, 391 (2013) ("Willfulness does not mean that the parent must have some ill-intent towards the child or a conscious desire not to visit; it only means that the parent must not have visited due to her own decisions, rather than being prevented from doing so by someone else.").

We also find TPR is in Child's best interest.[1] *See S.C. Dep't. of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); § 63-7-2620 ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Child has been involved in the litigation between Mother and Father for more than a decade. Mother's refusal to comply with the recommended therapeutic activities resulted in the termination of her reunification and individual therapy and thus termination of her virtual visitation with Child. Father testified Child's stepmother planned to adopt Child, and that Child was happy, excelling in school, and engaging in extracurriculars while in his care. Based on Child's need for permanency, and Mother's failure to demonstrate she could provide an emotionally safe and stable environment for Child, we find TPR is in Child's best interest.

**AFFIRMED.**[2]

---

[1] Though Mother did not raise this issue on appeal, we consider it pursuant to *Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise . . . issues not raised by the parties.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD, HEWITT, and TURNER, JJ., concur.**