731 S.E.2d 617

**Cheryl DiMARCO, Respondent,**

v.

**Brian A. DiMARCO, Appellant.**

Appellate Case No. 2008–101649

No. 5024.

Court of Appeals of South Carolina.

Heard Oct. 6, 2011.

Decided Aug. 15, 2012.

296

J. Falkner Wilkes and Nathalie M. Morgan, both of Greenville, for Appellant.

C. Grant Varner and Kim R. Varner, of Varner & Segura, of Greenville, for Respondent.

LOCKEMY, J.

In this domestic action, Brian DiMarco (Father) argues the family court erred in including rental income and capital gains in its child support calculation, and in awarding excessive attorney's fees and costs to Cheryl DiMarco (Mother). We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

Father and Mother were divorced in September 1998. Following their divorce, Mother retained custody of the parties' four children and Father was ordered to pay child support.

In January 2003, Father filed a motion seeking, among other relief, a modification of the parties' child support agreement. In March 2004, the family court approved an agreement reached by the parties. The parties agreed child support would be based on Father's gross income of $8,333 per month and Mother's gross income of $2,500 per month. Father agreed to pay $1,439 per month in child support for the parties' three minor children.[1]

In August 2006, the family court held a temporary hearing after Mother filed a motion requesting discovery, an increase in child support, and attorney's fees. In a temporary order, the family court noted Father's income was highly contested and it "could not make any type of merits hearing or determinative analysis on a Motion basis." The family court, relying on the financial affidavits and declarations of the parties, found Father's income was $4,733.40 per month and Mother's income was $2,500 per month. The family court set child support for the parties' remaining two minor children at $835 per month. The family court also held the issue of attorney's fees in abeyance pending a final hearing on the merits and ordered Father to advance Mother $7,000 for the cost of discovery.

On March 11–12, 2008, a trial was held before the family court. In an April 21, 2008 order, the family court determined an increase in Father's income, and a change from three to two minor children requiring support, necessitated a child support recalculation. The family court determined Father's income was $10,255 per month and Mother's income was $3,416 per month. In calculating Father's annual income, the family court included $11,263 per year in rental income and an average capital gain of $7,133 per year. The family court ordered Father to pay $1,226 per month in child support, and awarded Mother $25,000 in attorney's fees.[2] Thereafter, Father filed a Rule 59(e), SCRCP, motion to alter or amend the judgment, requesting the court reconsider its finding as to

---

1. At the time of their agreement, the parties' oldest child was emancipated and attending college.

2. In support of her request for attorney's fees, Mother submitted an affidavit from her attorney showing she incurred $33,910.37 in attorney's fees and costs.

Mother's income. In a June 23, 2008 supplemental order, the family court determined Mother's gross income was $4,293 per month. The family court recalculated Father's child support obligation and ordered he pay $1,216 per month. The family court denied Father's request to reconsider its inclusion of rental income and capital gains in its calculation of his income. This appeal followed.

## STANDARD OF REVIEW

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). In appeals from the family court, the appellate court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the trial court's findings." *Lewis*, 392 S.C. at 390, 709 S.E.2d at 654–55. However, this broad standard of review does not require the appellate court to disregard the factual findings of the trial court or ignore the fact that the trial court is in the better position to assess the credibility of the witnesses. *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001). Moreover, the appellant is not relieved of the burden of demonstrating error in the trial court's findings of fact. *Id.* at 387–88, 544 S.E.2d at 623. Accordingly, we will affirm the decision of the trial court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court. *See Lewis*, 392 S.C. at 390, 709 S.E.2d at 654–55.

## LAW/ANALYSIS

### I. Rental Income

Father argues the family court erred in calculating his rental income for child support purposes. We agree.

The Child Support Guidelines (the Guidelines) "define income as the actual gross income of the parent, if employed to full capacity, or potential income if unemployed or underemployed." S.C.Code Ann. Regs. 114–4720(A)(1) (Supp.2011). "Gross income includes income from any source including salaries, wages, commissions, royalties, bonuses, rents (less

allowable business expenses), dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits ..., workers' compensation benefits, unemployment insurance benefits, Veterans' benefits and alimony...." S.C.Code Ann. Regs. 114–4720(A)(2) (Supp.2011). "Ordinarily, the court will determine income from verified financial declarations required by the Family Court rules. However, ... where the amounts reflected on the financial declaration may be an issue, the court may rely on suitable documentation of current earnings...." S.C.Code Ann. Regs. 114–4720(A)(6) (Supp.2011).

At the hearing before the family court, Father's accountant testified the rental properties were operating at a loss. Father testified that high interest rates, evictions, and trouble finding tenants with decent credit contributed to the losses on the rental properties. Father also testified as to the specific expenses spent for maintaining the rental property of 6 Grey Leaf Court. Father explained that all the expenses were represented in the 2006 tax return and that he had receipts to support the tax returns. Father asked the court if he should go through the expenses for each rental property, and the court responded that if the expenses were included in the 2006 tax return, there was no need to go through the expenses. Father's 2006 tax return included all the expenses for each rental property and represented that the rental properties were operating at a loss.

In calculating Father's income for child support purposes, the family court found Father earned $11,263 per year in net rental income, which constituted his gross rental income less mortgage interest, taxes, and insurance. While the court did not specifically state in its order that it relied on the rental income amounts listed in Father's 2006 tax returns in making its determination, it appears the court arrived at $11,263 per year in rental income by subtracting mortgage interest, taxes, and insurance from the gross rental income listed on Father's 2006 tax returns.[3] The family court did not deduct the

---

**3.** Pursuant to Father's 2006 tax returns, he received $66,315 in gross rental income. Less mortgage interest, taxes, and insurance, Father received $11,264 in rental income. This is a one dollar difference from the family court's finding of $11,263 in net rental income.

ordinary and necessary expenses of the rental properties referenced in Father's tax returns. Specifically, the family court did not deduct expenses for cleaning and maintenance, legal fees, supplies, and association dues.

We find Father should be given the opportunity to present evidence of the expenses related to his rental income for the court's consideration. Accordingly, we reverse the family court's calculation of Father's rental income and remand for a recalculation.[4]

## II. Wife's Rental Income

■ Father argues the family court erred in failing to exclude his current wife's (Wife) rental income from its calculation of his income. We decline to address this argument on the merits. In his brief, Father failed to cite any case law or authority to support his argument, and therefore, we find it is abandoned on appeal. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding an issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but is not supported by authority); *Shealy v. Doe*, 370 S.C. 194, 205–06, 634 S.E.2d 45, 51 (Ct.App.2006) (declining to address an issue on appeal when appellant failed to cite any supporting authority and made conclusory arguments).

## III. Capital Gains

■ Father argues the family court erred in including capital gains in its income calculation. This argument is not preserved for our review. Relying on Father and Wife's joint 2004, 2005, and 2006 tax returns, the family court determined Father received an average capital gain of $7,133 per year.[5] In his rule 59(e), SCRCP, motion, Father argued the family court erred in including Wife's capital gains in its calculation

---

4. We note Father also argues the family court erred in relying on his 2005 loan application in calculating his rental income. We disagree. In its order, the family court specifically stated it chose not to rely on the amounts listed on the loan application.

5. Pursuant to the Father's tax returns, he received $11,821 in capital gains in 2004, $11,344 in capital gains in 2005, and $8,144 in capital gains in 2006.

of his income. Father also argued the court erred in failing to consider his investment losses. On appeal, Father contends the family court erred in including any capital gains in its income calculation. Father argues a capital gain is a "one-time event" and should not be considered for child support purposes. Because Father failed to raise this argument to the family court, it is not preserved. *See King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct.App.2009) (holding issues must be raised to and ruled upon by the family court to be preserved for appellate review).

### IV. Attorney's Fees

Father argues the family court erred in awarding Mother excessive attorney's fees. Given our disposition of Father's first issue on appeal, we remand to the family court for reconsideration of attorney's fees. *See Sexton v. Sexton*, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (where the substantive results achieved by counsel were reversed on appeal, the issue of attorney's fees was remanded for reconsideration).

### CONCLUSION

Based on the foregoing, the family court's decision is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HUFF and PIEPER, JJ., concur.