**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alice Branton, Respondent,

v.

Nolan Corbitt, Appellant.

Appellate Case No. 2013-000790

———————————

Appeal From Aiken County
Robert E. Guess, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-395
Heard October 9, 2014 – Filed November 12, 2014

———————————

**AFFIRMED AS MODIFIED**

———————————

Leon Edward Green, of Leon E. Green, PC, of Aiken, for Appellant.

Gregory P. Harlow, of Harlow Law Offices, PA, of Aiken, and Douglas Kosta Kotti, of Columbia, for Respondent.

Patrick A. McWilliams, of Aiken, for Guardian ad Litem.

———————————

**PER CURIAM:** Nolan Corbitt (Father) appeals the family court's order regarding his parental rights to his minor daughter (Child). Father argues the family court

lacked jurisdiction and erred in (1) finding his termination of parental rights (TPR) consent form was valid; (2) finding his TPR consent form could not be withdrawn; and (3) failing to find his TPR consent form was expired.  We affirm as modified.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012).  This broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses.  *DiMarco v. DiMarco*, 399 S.C. 295, 299, 731 S.E.2d 617, 619 (Ct. App. 2012).  An appellate court will affirm the decision of the family court unless the decision is controlled by an error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by the appellate court.  *Id.*

Having conducted a de novo review of the record, we find the family court had jurisdiction to determine whether Father's TPR consent form was valid.  The matter at issue before the family court was Alice Branton's (Mother) action for termination of Father's parental rights.  Although Mother's TPR cause of action was dismissed, we find Father's TPR consent form was properly considered by the court in determining issues regarding visitation, child support, Child's name change, and restraining orders.  *See* S.C. Code Ann. § 63-3-530(A)(4) (2010) ("The family court has exclusive jurisdiction . . . to hear and determine actions for termination of parental rights, whether such action is in connection with an action for adoption or apart therefrom.").

As to Father's argument the family court erred in finding his TPR consent form was valid, we find Father's argument regarding the lack of specific adoption language in the TPR consent form is not preserved for our review.  Father did not raise this argument to the family court, and the family court did not rule on this issue in its final order.  Furthermore, Father did not file a Rule 59(e), SCRCP, motion requesting a ruling from the court.  *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion to amend, the issue is not presented properly to an appellate court for review); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

As to Father's argument the family court erred in finding his TPR consent form could not be withdrawn, we disagree.  Reviewing the evidence, we find Father's

consent was voluntarily given and was not made under duress or coercion. Father executed the TPR consent form in the presence of two witnesses, including attorney William Bruner. Moreover, both witnesses to Father's consent certified in writing that the provisions of the document were discussed with Father and opined Father's consent was given freely and voluntarily.

As to Father's argument the family court erred in failing to find his TPR consent was expired, we find this issue is not preserved for our review. It does not appear this issue was raised to the family court. At the final hearing, Father asserted that pursuant to section 63-9-750 of the South Carolina Code (2010), adoptions had 180 day time limits; however, he did not argue, as he does on appeal, that the 120 day rule in section 63-7-2530(C) of the South Carolina Code (Supp. 2013) applied. The family court did not rule on this issue in its final order and Father did not file a Rule 59(e), SCRCP, motion requesting a ruling from the court. *See Washington*, 308 S.C. at 551, 419 S.E.2d at 781 (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion to amend, the issue is not presented properly to an appellate court for review); *Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

Thus, we hold the family court properly considered the TPR consent form in ruling on the issues addressed in the order on appeal. We do not express any opinion on how, if at all, the TPR consent form may be used in any future proceeding. Moreover, because Father's parental rights have not been terminated, the family court's finding that Father shall not be required to be notified in the event of an adoption is improper. Therefore, the family court's finding that Father shall not receive notification of any adoption proceedings is hereby vacated.

Accordingly, the order of the family court is

**AFFIRMED AS MODIFIED.**

**FEW, C.J., THOMAS and LOCKEMY, JJ., concur.**