**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Georgina Anne Dearden, Respondent,

v.

Ian Hargraves Dearden, Appellant.

Appellate Case No. 2013-002505

Appeal From Richland County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2015-UP-023
Submitted November 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Timothy G. Quinn, of Quinn & Mason, LLC, of
Columbia, for Appellant.

Shawn L. Reeves, of the Law Office of Shawn L.
Reeves, LLC, of Columbia, for Respondent.

**PER CURIAM:** In this appeal from a divorce action, Ian Hargraves Dearden
(Husband) argues the family court erred in (1) not finding his wife Georgina Anne
Dearden (Wife) in contempt of a *pendente lite* consent order; (2) not awarding him
alimony; (3) equitably distributing the marital estate; and (4) making a one-sided

equitable division award by granting him a container of silver cutlery while awarding Wife several cross-stitch pieces.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in not finding Wife in contempt of the *pendente lite* consent order:  Rule 14(a), SCFCR ("Except for direct contempt of court, contempt of court proceedings *shall be initiated only by a rule to show cause duly issued and served* in accordance with the provisions hereof." (emphasis added)); *Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 121 (2008) ("[O]ur jurisprudence clearly establishes that the proper procedure to determine whether a party should be held in contempt is to bring a summons and a rule to show cause.").

2.  As to whether the family court erred in not awarding Husband alimony: *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); S.C. Code Ann. § 20-3-130(C) (2014) (listing the factors the family court must consider in deciding whether to award alimony); *King v. King*, 384 S.C. 134, 140-41, 681 S.E.2d 609, 613 (Ct. App. 2009) (stating the family court does not err in determining whether to award alimony when its decision is based on factual findings with evidentiary support).

3.  As to whether the family court erred in its equitable distribution of the marital estate:  *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); S.C. Code Ann. § 20-3-620(B) (2014) (listing the factors the family court must consider when equitably apportioning a marital estate); *Lewis v. Lewis*, 392 S.C. 381, 393, 709 S.E.2d 650, 656 (2011) ("'The family court has broad discretion in valuing the marital property.  A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented.'" (quoting *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006))); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this [c]ourt complaining of the insufficiency of the evidence to support the family court's findings.").

4.  As to whether the family court erred in awarding Husband the container of silver cutlery and Wife the cross-stitch pieces: *DiMarco v. DiMarco*, 399 S.C. 295, 301, 731 S.E.2d 617, 620 (Ct. App. 2012) (stating an appellate court will

deem an issue abandoned and will not consider it if the appellant raises the argument in his or her brief but does not support it with any authority); *id.* (declining to address the appellant's argument on the merits because he "failed to cite any case law or authority to support his argument, and therefore . . . abandoned [it] on appeal"); *Butler v. Butler*, 385 S.C. 328, 343, 684 S.E.2d 191, 199 (Ct. App. 2009) (holding the appellant's issues were abandoned because he cited no statutes, rules, or cases in support of his arguments).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.