**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cornelius K. Cowan, Appellant,

v.

Alesha T. Cunningham, Respondent.

Appellate Case No. 2013-000624

———————

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge

———————

Unpublished Opinion No. 2015-UP-075
Heard January 13, 2015 – Filed February 18, 2015

———————

**AFFIRMED**

———————

Candy M. Kern-Fuller, of Upstate Law Group, LLC, of Easley, for Appellant.

Carolyn Elaine Galloway, of Carolyn E. Galloway, Attorney at Law, of Anderson, for Respondent.

———————

**PER CURIAM:**  Cornelius Cowan (Father) appeals the family court's order denying his petition for sole custody of his and Alesha Cunningham's (Mother's) minor son and awarding Mother a portion of her attorney's fees.  Father also appeals evidentiary rulings of the family court regarding the guardian ad litem's

investigation and Mother's financial declaration. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.	As to the family court's custody determination: *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012) (stating on appeal from the family court, this court's review is de novo); *DiMarco v. DiMarco*, 399 S.C. 295, 299, 731 S.E.2d 617, 619 (Ct. App. 2012) ("[T]his broad standard of review does not require the appellate court to disregard the factual findings of the [family] court or ignore the fact that the [family] court is in the better position to assess the credibility of the witnesses."); *id.* (indicating an appellate court will affirm the decision of the family court unless the decision is controlled by an error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by the appellate court); *Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) ("In determining a child's best interest in a custody dispute, the family court should consider several factors, including: who has been the primary caretaker; the conduct, attributes, and fitness of the parents; the opinions of third parties, including the guardian ad litem, expert witnesses, and the children; and the age, health, and gender of the children."); *Pirayesh v. Pirayesh*, 359 S.C. 284, 296, 596 S.E.2d 505, 512 (Ct. App. 2004) (instructing the family court should consider the "character, fitness, attitude, and inclinations on the part of each parent as they impact the child as well as all psychological, physical, environmental, spiritual, educational, medical, family, emotional and recreational aspects of the child's life."); *Simcox-Adams*, 408 S.C. at 260, 758 S.E.2d at 211 ("When determining custody, the family court should consider all the circumstances of the particular case and all relevant factors must be taken into consideration."); *Moeller v. Moeller*, 394 S.C. 365, 374, 714 S.E.2d 898, 903 (Ct. App. 2011) ("Preserving sibling relationships is an important factor in determining the best interests of the children."); *id.* (recognizing the importance of sibling relationships whether children are full siblings, half-siblings, or step-siblings).

2.	As to the guardian ad litem's investigation: *Spreeuw v. Barker*, 385 S.C. 45, 70-71, 682 S.E.2d 843, 856 (Ct. App. 2009) (finding an issue unpreserved when Father never objected to admission of guardian ad litem's report as biased, incomplete, or otherwise lacking); *Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) (noting "appellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the trial court erred").

3.      As to Mother's financial declaration: *Mitchell v. Mitchell*, 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984) ("Child support awards are addressed to the sound discretion of the [family court] and, absent an abuse of discretion, will not be disturbed on appeal."); *Kelley v. Kelley*, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996) ("An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon the findings of fact, is without evidentiary support.").

4.      As to the family court's award of attorney's fees to Mother: *Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012) ("The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding the family court should consider the following factors when determining whether to award attorney's fees: (1) the party's ability to pay her own attorney's fees; (2) any beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fees on each party's standard of living); *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998) (indicating the family court should make specific findings of fact on the record about each of the required factors, but noting the appellate court may make its own findings of fact in accordance with the preponderance of the evidence if the record is sufficient).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**