**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeffrey Pierce, Appellant/Respondent,

v.

Kristin Pierce, Respondent/Appellant.

Appellate Case No. 2015-000132

———

Appeal From Dorchester County
W. Thomas Sprott, Jr., Family Court Judge

———

Unpublished Opinion No. 2017-UP-286
Heard April 18, 2017 – Filed July 12, 2017

———

**AFFIRMED IN PART, REVERSED IN PART,**
**REMANDED IN PART**

———

Gregory L. Hyland, of Hart Hyland Shepherd, LLC, of Summerville, for Appellant/Respondent.

Heather S. Shaw, of Shaw Law Firm, LLC, of Mount Pleasant, for Respondent/Appellant.

———

**PER CURIAM:** In this cross-appeal, Jeffrey Pierce (Husband) and Kristin Pierce (Wife) appeal from a final order from the family court which modified the terms of rehabilitative alimony Husband owed to Wife pursuant to a court-approved agreement. Husband argues the family court erred by (1) classifying the

rehabilitative alimony as non-modifiable, lump-sum alimony, (2) failing to reduce or terminate the rehabilitative alimony, (3) extending the time period for payment of the rehabilitative alimony, (4) imputing income to Husband, and (5) improperly admitting and/or considering certain evidence. Wife asserts the family court erred by (1) determining the rehabilitative alimony award was modifiable and (2) denying her motion for attorney's fees. We affirm in part, reverse in part, and remand in part pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Husband's issues one and three, to the extent the family court reclassified the rehabilitative alimony as lump-sum alimony, we find the family court erred because the parties' agreement expressly allowed for modification of the alimony award under certain circumstances and it specifically referred to the award as rehabilitative alimony, both of which are characteristics lump-sum alimony does not have. *Compare* S.C. Code Ann. § 20-3-130(B)(3) (2014) (stating the family court may grant "[r]ehabilitative alimony in a finite sum to be paid in one installment or periodically, terminable . . . or modifiable based upon unforeseen events frustrating the good faith efforts of the supported spouse to become self-supporting or the ability of the supporting spouse to pay the rehabilitative alimony"); *with* S.C. Code Ann. § 20-3-130(B)(2) (2014)(stating the family court may grant "[l]ump-sum alimony in a finite total sum to be paid in one installment, or periodically over a period of time, terminating only upon the death of the supported spouse, but not terminable or modifiable based upon remarriage or changed circumstances in the future").

2. As to Husband's issues two and four, the family court erred in failing to terminate or reduce the overall award of alimony and in finding Husband was voluntarily underemployed. First, we find Husband's decreased income was a substantial change in circumstances for which Husband was not at fault. Husband had a substantial reduction in income when he lost his job with General Dynamics—well in excess of the ten percent the Agreement required—and as the family court noted in its final order, it was uncontested that Husband was not at fault for the loss of his job with General Dynamics. Furthermore, Husband's income was not the only circumstance that changed—his lifestyle and living expenses also changed, as he is no longer fed and housed overseas. *See Kelley v. Kelley*, 324 S.C. 481, 486, 477 S.E.2d 727, 729-30 (Ct. App. 1996) ("The following circumstances, without more, have been found insufficient to warrant modification of alimony: unwarranted debts, inflation, increased or decreased income of the payor spouse, a payee spouse's anticipated employment, and the 'straitened financial situation[s]' which are a normal consequence of divorce." (quoting *Kielar v. Kielar*, 311 S.C. 466, 470, 429 S.E.2d 851, 853 (Ct. App.

1993)); *cf. Kielar*, 311 S.C. at 469-70, 429 S.E.2d at 853-54 (concluding Father's involuntary resignation resulting in a salary decrease from $300,000 to $180,000 per year did not constitute a substantial change in circumstances given it did not impact Father's standard of living or his ability to pay his support obligations). Thus, we find that under the terms of the parties' agreement, Husband was entitled to have the alimony award reviewed. Second, we find the family court erred in failing to reduce the overall amount of alimony Husband owed because Husband was not voluntarily underemployed. Husband's attempts at employment were frustrated by the chain of events following the loss of his job in December 2012. Additionally, Husband should not have been required to find or return to employment overseas. *See Kelley*, 324 S.C. at 489, 477 S.E.2d at 731 ("[C]ourts are reluctant to invade a party's freedom to pursue the employment path of their own choosing *or impose unreasonable demands upon parties*." (emphasis added)). Accordingly, we find Husband was not voluntarily underemployed, and we remand to the family court for a hearing to determine the amount of the new alimony award.

3. As to Husband's issue five, we find this issue abandoned because Husband did not provide any supporting authority to his arguments. *See DiMarco v. DiMarco*, 399 S.C. 295, 301, 731 S.E.2d 617, 620 (Ct. App. 2012) (stating an issue is deemed abandoned and will not be considered on appeal if the appellant raises the argument in his or her brief but does not support it with any authority); *id.* (declining to address the appellant's argument on the merits because he "failed to cite any case law or authority to support his argument, and therefore . . . abandoned [it] on appeal").

4. As to Wife's issue one, we find this issue not preserved because Wife did not raise it to the family court at the final hearing or in a Rule 59(e), SCRCP, motion. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."); *id.* at 212, 634 S.E.2d at 55 ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").

5. As to Wife's issue two, we find the family court did not abuse its discretion in denying Wife an award of attorney's fees and costs. *See Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) ("An award of attorney's fees rests within the sound discretion of the [family court] and should not be

disturbed on appeal absent an abuse of discretion." (quoting *Doe v. Doe*, 319 S.C. 151, 157, 459 S.E.2d 892, 896 (Ct. App. 1995))).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**