**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Peggy D. Conits, Respondent,

v.

Spiro E. Conits, Appellant.

Appellate Case No. 2014-000941

Appeal From Greenville County
David G. Guyton, Family Court Judge

Unpublished Opinion No. 2018-UP-185
Submitted March 1, 2018 – Filed May 2, 2018

**AFFIRMED**

Kenneth C. Porter, of Porter & Rosenfeld, and David A. Wilson, of Wilson & Englebardt, LLC, both of Greenville, for Appellant.

Timothy E. Madden, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent.

**PER CURIAM:**  In this family court action between Peggy D. Conits (Wife) and Spiro E. Conits (Husband), Husband appealed the final order, arguing the family court erred, *inter alia*, in including a nonexistent asset in the marital estate (a farm

in Greece).  Our supreme court reversed this court's finding the issue was not preserved for appellate review and remanded the case to this court to rule on the merits.  *Conits v. Conits*, 422 S.C. 74, 77-78, 810 S.E.2d 253, 254 (2017).  On remand, we affirm the family court's finding the farm was marital property, and we find the family court did not err in valuing the farm at $1.42 million.

## BACKGROUND FACTS

Just prior to trial, Husband objected to material appended to Wife's financial declaration, which was a schedule listing assets and debts prepared by Wife's counsel.  The court noted the schedule was not evidence, but it was an exhibit to the financial declaration.  The court permitted the exhibit as an aid.  The court noted Husband could raise issues as to the schedule during cross-examination.  Husband also presented schedules of marital and nonmarital assets and debts, which the court likewise permitted to be used as aids to the court.

Wife testified she and her counsel prepared the schedule and it reflected the assets and debts of the parties as of 2009.  The schedule listed a thirty-acre family farm valued at $1,420,200.  Wife testified without objection regarding the schedule, stating it reflected her opinion of the value of the parties' assets.  Wife based her opinion of the value of the marital assets on valuations made by others, including an architect she hired in Greece and an appraiser who appraised property in South Carolina.  The court admitted into evidence the architect's written estimates of two buildings in Greece.  According to Wife, she could not afford to pay the architect to travel to the United States to testify for her.  Wife also testified Husband refused during the marriage to discuss the parties' real estate with her.  Wife testified her lawyer requested she get a copy of the records of the parties contained in "the red books."  According to Wife, the red books disappeared from the parties' den after she told her friend, Angela McNutt, her lawyer wanted them.  Wife testified she later found out McNutt had an affair with Husband.

Husband listed a one-third interest in a nonmarital, thirty-acre farm as worth $60,000 on his financial declaration dated September 14, 2009 and valued his interest at $20,000.  Wife moved to admit this financial declaration without objection, and the court admitted it.  On Husband's financial declaration dated June 25, 2012, Husband disclosed a fifty percent interest in a three-acre orange farm as marital property valued at "$21,875 (50%)."  During trial, he testified the parties owned three acres in Greece, it was purchased after the marriage, he conceded it was marital property, and he valued it at "no more than 35 or 40,000 [dollars]."

Finally, Husband admitted during cross-examination that he omitted some assets from his financial declaration and valued numerous properties less than he valued them on a financial declaration submitted to the bank.[1]

The court found, "Throughout this case, Husband made different and contradictory representations . . . as to the acreage of the farm, his percentage of ownership interest in the farm, and [the] value of his interest." The court concluded, "[b]ased on the credibility of the competing testimony, the family farm i[n] Greece is a marital asset subject to equitable division and assigned a value of $1,420,000." This appeal followed.

## STANDARD OF REVIEW

On appeal from the family court, this court's standard of review is de novo. *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012). "[T]his broad standard of review does not require the appellate court to disregard the factual findings of the [family] court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses." *DiMarco v. DiMarco*, 399 S.C. 295, 299, 731 S.E.2d 617, 619 (Ct. App. 2012). An appellate court will affirm the decision of the family court unless the decision is controlled by an error of law "or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court." *Id.*

## LAW/ANALYSIS

Husband argues the family court erred in finding the parties owned a thirty-acre family farm in Greece, finding the farm was marital, and valuing the farm at $1.42 million. We disagree.

"A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital." *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013). If the party presents evidence to show the property is

---

[1] Omissions: Bank Account in Greece; Traveler's Rest Bank Account; and Carolina Fine Foods Restaurant. Valuations of Bank Compared to Family Court: Traveler's Rest - $750,000:$550,000; Milano's - $400,000:$275,000; Simpsonville - $1.8 million:$1.3 million; Warehouse - $375,000:$183,000; Laurens County - $410,000:$340,000; etc.

marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character. *Johnson v. Johnson*, 296 S.C. 289, 294, 372 S.E.2d 107, 110 (Ct. App. 1988). Considering Husband's own testimony that the acreage in Greece was purchased after the parties were married and his concession that the property was marital, we find Wife satisfied her burden of proving the marital nature of the property.

As to the size of the property and its value, the family court relied on the parties' financial declarations. This court has affirmed the family court's reliance on financial declarations for the existence and valuation of assets. In *Chanko v. Chanko*, 327 S.C. 636, 643, 490 S.E.2d 630, 634 (Ct. App. 1997), the husband objected to the division of checking and savings accounts, arguing there was no evidence the funds were marital property. This court affirmed the family court, finding because Husband listed the assets on his financial declaration, "[i]t would not have been error for the family court judge to value these assets as stated on Husband's financial declaration." *Id.* Likewise, this court in *Pittman v. Pittman*, 395 S.C. 209, 221-22, 717 S.E.2d 88, 94 (Ct. App. 2011), *aff'd as modified on other grounds*, 407 S.C. 141, 754 S.E.2d 501 (2014), found no error in the family's court's valuation of certain assets based on the wife's financial declarations despite the husband's argument that the wife did not offer testimony or other evidence about the values. *See Reiss v. Reiss*, 392 S.C. 198, 204, 708 S.E.2d 799, 802 (Ct. App. 2011) (stating the family court "has broad discretion in valuing marital property").

Both Husband and Wife's financial declarations list a thirty-acre farm in Greece. Although Husband changed the description of the farm on subsequent financial declarations to three acres, he was on notice that Wife continued to describe the farm as thirty acres. Although the family court in this case found the financial declarations were not evidence, Wife's testimony that she and her counsel prepared the schedule and it reflected the assets and debts of the parties as of 2009 was evidence. Like the court in *Chanko* and *Pittman*, we find no error in the family court's reliance on the financial declarations where there was evidence supporting them. *See Pittman*, 395 S.C. at 222, 717 S.E.2d at 94 (finding a statement by the wife's counsel of the values of vehicles during her direct examination and the wife's affirmative response were evidence of the values of the vehicles); *Lewis v. Lewis*, 392 S.C. 381, 391, 709 S.E.2d 650, 655 (2011) (recognizing that although the appellate court has de novo standard of review, we review a family court's findings considering "the superior position of the trial judge to determine credibility and the imposition of a burden on an appellant to satisfy the appellate

court that the preponderance of the evidence is against the finding of the trial court"); *see also Honea v. Honea,* 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("We have stated before, and we reiterate here, that a party cannot sit back at trial without offering proof, then come to this Court complaining of the insufficiency of the evidence to support the family court's findings.").  Based on our own view of the evidence, we find no legal error and likewise find Husband has failed to meet his burden of proving the preponderance of the evidence is against the finding of the family court.

**AFFIRMED.**[2]

**SHORT, GEATHERS, McDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.