**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cheryl DiMarco, Respondent,

v.

Brian A. DiMarco, Appellant.

Appellate Case No. 2014-002148

———

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———

Unpublished Opinion No. 2018-UP-231
Submitted April 1, 2018 – Filed June 6, 2018

———

**AFFIRMED**

———

J. Falkner Wilkes, of Greenville, for Appellant.

Kim R. Varner and Charles Grant Varner, both of Varner
& Segura, of Greenville, for Respondent.

———

**PER CURIAM:** Brian DiMarco (Father) appeals an order of the family court
maintaining its initial award of attorney's fees to Cheryl DiMarco (Mother) after
this court reversed and remanded to the family court for recalculation of Father's
child support obligation and reconsideration of its award of attorney's fees to
Mother. On appeal, Father argues the family court erred in awarding Mother

attorney's fees because (1) Mother did not achieve beneficial results, (2) the record fails to support a finding Father was "difficult," and (3) the attorney's fees were "unreasonable." Father also argues the family court erred by not awarding him attorney's fees.

In 1998, the family court granted Father and Mother a divorce; Mother retained custody of the parties' four children and Father was ordered to pay child support. In 2004, the family court approved an agreement that modified Father's child support obligation to $1,439 per month for three children. Subsequently, Mother sought an increase in child support, discovery, and attorney's fees. At the final hearing in March 2008, the family court ordered Father to pay $1,226 per month in child support for two children. It also awarded Mother attorney's fees in the amount of $25,000, finding Father was "extremely evasive" in his testimony and deposition, attempted to underestimate his income, and had "taken every effort to unduly complicate the true nature of his income."

Father appealed to this court; this court reversed the family court's calculation of Father's rental income and remanded for a recalculation of child support, finding it was error to include Father's rental income and not deduct the ordinary and necessary expenses of the rental properties. *DiMarco v. DiMarco*, 399 S.C. 295, 300-01, 731 S.E.2d 617, 620 (Ct. App. 2012). On remand, it directed the family court to allow Father the opportunity to present evidence of the expenses related to his rental income. *Id.* at 301, 731 S.E.2d at 620. Additionally, in light of its disposition of the rental fee issue, this court also remanded the issue of attorney's fees for the family court's reconsideration. *Id.* at 302, 731 S.E.2d at 620.

On remand, the parties settled the issue of child support, which the family court approved; however, the issue of attorney's fees was set for a hearing. At the hearing to reconsider the award of attorney's fees, the family court stated the court of appeals directed it to take testimony on Father's legitimate rental expenses and recalculate child support, and then based on the outcome of the child support issue, reconsider its award of attorney's fees to Mother. It further stated the parties had taken the issue of child support "out of [its] hands" and "in doing so, . . . by settling that number, [the parties took] away [its] factors to consider in whether or not the attorney['s] fees were reasonable."

The family court maintained its initial award of attorney's fees, finding it was necessary for Mother to bring the action and she received a benefit from "the [family] court's ultimate determination and finding of [Father's] income." It further found Father "deliberately attempted to under[]estimate his income for child support purposes and unnecessarily escalated the attorney's fees in this matter,"

stated it "remained convinced [Father] was not credible," and concluded a reduction in Mother's attorney's fees award "would be inequitable and unjust."

We find the family court did not err in maintaining its initial award of attorney's fees and costs to Mother. *See Stoney v. Stoney*, 421 S.C. 528, 531, 809 S.E.2d 59, 60 (2017) ("[T]he proper standard of review in family court matters is de novo, rather than abuse of discretion . . . ."); *id.* at 530, 809 S.E.2d at 59 (explaining that although the de novo review allows an appellate court to make its own findings of fact, this standard does not abrogate two long standing principles: (1) the superior position of the family court to assess witness credibility and (2) the appellant's burden to show the preponderance of the evidence is against the finding of the family court). As the family court noted on remand, the parties, through settlement, took the recalculation of child support out of the family court's hands. As a result, the family court was not afforded the opportunity to hear testimony regarding Father's rental property expenses or calculate Father's new income and set a new child support award therefrom. It thus was unable to reconsider the attorney's fees based on its determination of the child support recalculation. Although Father contended the parties agreed on the amount of his income in their settlement, Mother disagreed, asserting the parties had compromised in order to end the case. Accordingly, because the family court was not afforded the opportunity to make findings on the ultimate issue on remand, we find the family court's ruling to affirm its initial award and maintain the status quo was not error, and was equitable given the circumstances. *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.