**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Cheryl DiMarco, Respondent,

v.

Brian A. DiMarco, Petitioner.

Appellate Case No. 2018-001703

———

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———

Memorandum Opinion No. 2019-MO-009
Submitted January 28, 2019 – Filed February 27, 2019

———

**AFFIRMED AS MODIFIED**

———

J. Falkner Wilkes, of Greenville, for Petitioner.

Kim R. Varner and Charles Grant Varner, of Varner & Segura, of Greenville, for Respondent.

———

**PER CURIAM:** Petitioner Brian DiMarco has filed a petition for a writ of certiorari asking this Court to review the Court of Appeals' decision in *DiMarco v.*

*Dimarco*, Op. No. 2018-UP-231 (S.C. Ct. App. filed June 6, 2018). We grant the petition, dispense with further briefing, and affirm as modified.

## I.

Petitioner Brian DiMarco (Husband) and Respondent Cheryl DiMarco (Wife) were divorced in September 1998. Following their divorce, Wife retained custody of the parties' four children and Husband was ordered to pay child support. In March 2004, the family court approved a child support agreement reached by the parties. Husband was ordered to pay monthly child support in the amount of $1,439 to Wife.

Following emancipation of one child in 2006, Husband unilaterally stopped paying child support without seeking a modification of the family court's previous order. In response, Wife filed a motion requesting discovery, an increase in child support, and attorney's fees.

In 2008, Wife's action proceeded to a hearing in family court, after which the family court awarded Wife $1,246 in child support for the two remaining dependent children and $25,000 in attorney's fees. In awarding Wife attorney's fees, the family court thoroughly analyzed all six of the *Glasscock*[1] factors and found the time and effort devoted to the case by Wife's counsel was necessary due to Husband's conduct and the complexity of the case and that the fees charged by counsel were appropriate given Wife's counsel's professional standing. The court further found that Wife obtained a beneficial result in "an extremely complex matter in which [Husband had] deliberately attempted to underestimate his income for child support purposes and was extremely evasive" in court and during depositions, noting that Husband had "taken every effort to unduly complicate the true nature of his income." Husband appealed.

The Court of Appeals reversed and remanded the family court's calculation of child support, finding the family court failed to properly consider evidence of Husband's rental income and expenses. The Court of Appeals also remanded the issue of attorney's fees for the family court's reconsideration.

---

[1] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (finding that a determination of the reasonableness of attorney's fees should take into consideration six factors: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services).

On remand, the family court accepted the parties' settlement as to recalculated child support and reaffirmed its initial award of attorney's fees. The Court of Appeals affirmed. This petition for a writ of certiorari followed.

## II.

Husband contends the family court erred in reaffirming its award of attorney's fees to Wife, arguing there was a reversal in beneficial results in the case. We disagree.

On remand from the Court of Appeals, the issues of child support and attorney's fees were bifurcated. The parties first resolved the child support calculation through an out-of-court settlement agreement, approved by the family court and finalized in a written order. Following a separate hearing on the issue of attorney's fees, the family court reaffirmed its initial award of attorney's fees. Specifically, the family court considered all of the *Glasscock* factors and noted Husband's deliberate attempts to underestimate his income and tendency not to be forthright throughout the proceedings as factual support for its determination that the initial $25,000 award of attorney's fees to Wife remained appropriate. The Court of Appeals affirmed.

We find the family court carefully reconsidered the attorney's fees issue on remand and appropriately reaffirmed its initial award of attorney's fees to Wife. We therefore affirm as modified.[2]

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] We reject the argument that the family court could not reconsider attorney's fees on remand, notwithstanding the parties settlement as to the issue of child support. The issue of attorney's fees was expressly included in the Court of Appeals' remand. *DiMarco v. DiMarco*, 399 S.C. 295, 302, 731 S.E.2d 617, 621 (S.C. Ct. App. 2012) (remanding "to the family court for reconsideration of attorney's fees"). *Cf. Prince v. Beaufort Memorial Hosp.*, 392 S.C. 599, 605, 709 S.E.2d 122, 125 (2011) (observing when the appellate court remands a case, the lower tribunal has the jurisdiction and authority mandated by the appellate court).